**STATE ex PLATTER v
MUNICIPAL COURT OF TOLEDO et**

Ohio Appeals, 6th Dist, Lucas Co

No 2641. Decided March 14, 1932

Gilbert Bettman, Attorney General, Columbus, and Isadore Topper, Toledo, for plaintiff.

John M. McCabe, Toledo, and Eldon H. Young, Toledo, for defendants.

RICHARDS, J.

The prayer of the petition is for the allowance of an alternative writ of mandamus and that on final hearing a peremptory writ

may be awarded directing the respondents to set aside and vacate the orders suspending the execution of sentences and ordering them to enforce the sentences in said criminal actions.

As contended by counsel, the utlimate questions for determination in this case are whether the respondents had authority to suspend the execution of the sentences and whether, after the sentence had been suspended, they had the power to set the suspension aside and order the original sentences carried into execution.

The averments of the petition show very clearly that the orders of suspension were permanent and not made to permit review on error, and that they were not made under the statutes providing for probation of offenders. The plain and necessary effect of the orders of suspension amounts to a refusal on the part of the respondents to carry out the sentence lawfully imposed and to relieve the accused from the punishment provided by statute and imposed by the court. The provisions of §13451-8 GC relating to probation were not followed and manifestly were not intended to be followed, for they require that a person against whom a conditional sentence has been awarded shall be committed to an officer of the court until the sentence has been complied with, and if the fine has not been paid within the time limited, the defendant should be committed to the county jail.

Since the decision in **Madjorous v State,** 113 Oh St, 427, it is manifest that the courts of Ohio do not possess the inherent power to suspend sentence in a criminal prosecution except for giving an opportunity for prosecuting error proceedings. That decision follows very closely the decision of the Supreme Court of the United States in ex parte United States, 242 U. S., 27, in which Chief Justice White in an elaborate opinion demonstrates that the claimed inherent power of the court to indefinitely suspend execution of sentence has no foundation and that such an order is ultra vires and void. That mandamus against the court or judge is the proper remedy was held by the Court of Appeals of the Sixth Appellate District in **State ex Doerfler v Haserodt, 13 Oh Ap,** 305, 309. If the doctrine of the inherent power of a court to suspend sentences indefinitely were followed, it would often result in grave injustice to the public. The question was before this court in **Shondell v Bradley, Vol. 37 Court of Appeals Opinions, Sixth District, unreported, p. 295, (10 Abs 699),** and the conclusion reached that no such inherent power existed under the laws of Ohio.

Counsel for respondents rely on **Weber v State, 58 Oh St, 616,** but it is significant that the only question involved in that case was the right of the trial court to set aside an order of suspension at the same term it was made, and it would seem that no one could doubt that the court had such power during the term, whether the suspension were void or valid. All that is said by the court beyond that is obiter and not consistent with the decision of the Supreme Court in Madjorous v State, cited supra.

Counsel for respondents rely on **In re Nunley, 102 Oh St, 332,** and **Antonio v Milliken, 9 Oh Ap, 357,** but each of these decisions is based on a statute which has since been repealed. The fact that the legsilature has repealed statutes of that character indicates that the power to suspend sentences, when that power existed, was regarded as a source of danger and subject to abuse.

It is contended that relator had an adequate remedy at law, but we are not impressed with the force of this argument, and its weakness is apparent from the authorities already cited, where the writ has been sustained.

We are not aware that the state can prosecute error from a judgment of the trial court in a criminal case and §13452-9, GC, relied on by respondents, relates only to an order placing a defendant on probation and defines such order as a final one for the purpose of permitting such defendant to prosecute error.

It is further urged that the Municipal Court has no power to set aside an order of suspension after the term at which it is made. But the order, being absolutely void, may be set aside at any time or stricken from the docket, or it may be treated as a nullity and the sentence enforced without setting the void order aside.

The petition states a good cause of action and the demurrer will be overruled. If the respondents do not care to plead further, a final judgment will be entered for the relator.

LLOYD and WILLIAMS, JJ, concur.